**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
LAURA J. WOLFF, ESQ. (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 255-1718
Facsimile:  (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com, ljw@cjmlv.com
*Attorneys for Board of Trustees of the*
*Painters and Floorcoverers Joint Committee*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PAINTERS AND FLOORCOVERERS JOINT COMMITTEE,<br><br>Plaintiff,<br><br>vs.<br><br>ACCELERATED CONSTRUCTION, INC., a Nevada corporation; and OLYMPUS & ASSOCIATES, INC., dba Olympus Painting & Sandblasting, a Nevada corporation,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

The Plaintiff, the Board of Trustees of the Painters and Floorcoverers Joint Committee ("Plaintiff" or "Joint Committee"), by and through its attorneys, Christensen James & Martin, Chtd., for its causes of actions, complains, asserts and alleges as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by

ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trust is administered.

**PARTIES**

5. The Board of Trustees of the Painters and Floorcoverers Joint Committee is comprised of fiduciaries, as that term is defined in ERISA [29 U.S.C. § 1002(21)].

6. The Joint Committee is a trust created pursuant to a written declaration of trust ("Trust Agreement") between the International Union of Painters and Allied Trades, District Council 15, Painters Union Local No. 159 (hereinafter "Union") and the employers who have executed Master Agreements and/or Collective Bargaining Agreements with the Union. The Trust was created and now exists pursuant to § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)].

7. Under the terms of the CBA and the Joint Committee's Trust Agreement, the Joint Committee is charged with adjusting all disputes and grievances that may arise out of the application or interpretation of the CBA (defined below) and taking court action to secure

compliance with the CBA as necessary.

8. At all times material herein, the Union has been a labor organization representing employees in the painting, drywall and decorating industries in Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

9. Defendant Accelerated Construction, Inc. ("Accelerated") is a Nevada corporation doing business as a painting contractor in Clark County, Nevada under Nevada Contractor's License Nos. 0078023, 0071618 and 0075501.

10. Defendant Olympus & Associates, Inc. dba Olympus Painting & Sandblasting ("Olympus") is a Nevada corporation doing business as a painting contractor in Clark County, Nevada under Nevada Contractor's License No. 0051433. (Hereafter "Accelerated" and "Olympus" may be collectively referred to as "Defendants").

**GENERAL ALLEGATIONS**

11. Defendants are parties to that certain Painters & Decorators Master Agreement between IUPAT District Council 15, Painters Union Local No. 159 and the Southern Nevada Chapter of the Painting and Decorating Contractors of America ("CBA").

12. Defendants are obligated by the CBA to pay fringe benefit contributions to several multiemployer employee benefit trust funds (hereafter collectively "Trust Funds"), including the Plaintiff, on a monthly basis and at specified rates for each hour worked by or paid to its employees for performance of labor covered by the CBA.

13. One of the express terms of the CBA is that Defendants provide to the Plaintiff a surety bond in the amount of $30,000 to guarantee payment of the obligations to the Trust Funds under the CBA.

14. Specifically, Article 15, Section 1 of the CBA states:

>On or after July 1, 2004 all employers signatory to this agreement shall provide and be covered by a surety bond for no less than thirty thousand dollars ($30,000) for the purpose of protecting the Trust Funds as provided for in this agreement.

15. Further, the written policies and procedures adopted by the Plaintiff and Trust Funds expressly state:

>S.   **Surety Bond Policy** (Joint Committee)
>
>This Surety Bond Policy is established in accordance with Article Fifteen, Section 1 of the Painters and Decorators Master Labor Agreement between the International Union of Painters and Allied Trades, Local Union No. 159 and the Painting and Decorating Contractors of America, Southern Nevada Chapter (July 1, 2007 through June 30, 2014) which requires signatory employers to provide a "surety bond for no less than thirty thousand dollars ($30,000) for the purpose of protecting the Trust Funds" ("Surety Bond").
>
>1.   **Employers Must Provide Surety Bond**.  Each of the covered employers shall deliver the required Surety Bond in the minimum sum of $30,000.00, or its equivalent, as approved by the Board of Trustees.  The Joint Committee shall have the authority, based upon past work and financial responsibilities, to require higher bond limits.
>
>2.   **Failure to Provide Surety Bond**.  All employers, which fail to deliver and provide the Surety Bond, shall be in breach of the provisions of the Labor Agreement intended to protect the applicable Trust Funds.
>
>3.   **Enforcement of Policy**.  The Trust Funds or the Joint Committee may initiate legal and administrative proceedings to enforce the Surety Bond requirements of the Labor Agreement against any employers who fail to provide a Surety Bond.

*The Southern Nevada Painters and Glaziers Joint Trust Funds Restated Policies and Procedures* [Effective Date: July 31, 2012], at Part S ("Joint Policies & Procedures").

16. The Plaintiff has made numerous requests that Defendants each provide the surety bond as required by the CBA and Joint Policies and Procedures.

17. Defendants have failed to provide the required surety bond.

18. Consistent with the Joint Policies & Procedures, the Joint Committee initiates these legal proceedings to enforce the surety bond requirements of the CBA against the Defendants.

**FIRST CAUSE OF ACTION**
[Breach of Contract – 29 U.S.C. § 1132(a)(3)]

19. The Plaintiff herein restates and realleges the above allegations.

20. The CBA executed by Defendants is a valid and binding contract, the terms of which the Plaintiff is charged to enforce.

21. The CBA requires Defendants to provide a surety bond to guarantee payment of trust fund fringe benefit contributions, as described herein.

22. ERISA allows a fiduciary to enjoin any act or practice which violates any the terms of the plan, or to obtain other appropriate equitable relief and to redress such violations or to enforce any provisions of the terms of the plan.

23. The LMRA governs suits for violation of contracts between an employer and a labor organization.

24. The Defendants' failure to each properly provide a surety bond, as detailed in the preceding paragraphs, constitutes violations of ERISA, the LMRA and a material breach of the CBA.

25. According to the CBA and applicable law, Defendants have breached the express terms of the CBA by failing to immediately and fully comply with providing the surety bond to the Plaintiff.

26. As fiduciaries of the Trust and the party charged with adjusting all disputes and grievances that may arise out of the application or interpretation of the CBA, the Plaintiff may enforce the terms of the CBA and require that Defendants provide a surety bond.

27. As a result of the Defendants' violation of the terms of the CBA, the Plaintiff has sustained damages and is entitled to an order enforcing the terms of the CBA and requiring Defendants to each provide a surety bond in the amount of $30,000 for the benefit of Plaintiff and the Trust Funds and awarding contract damages against the Defendants.

28. Defendants' actions, in failing to respond to multiple requests and demands for the surety bond, have required the Plaintiff to retain legal counsel and initiate this lawsuit to enforce the Plaintiff's rights under the CBA, which would not have been necessary if Defendants had provided a timely response and provided the requested surety bond.

29. Pursuant to 29 U.S.C. § 1132(g)(1), the Court may award reasonable attorney's fees and costs to the Plaintiff.

**SECOND CAUSE OF ACTION**
[Equitable Relief – 29 U.S.C. § 1132(a)(3)(B)]

30. The Plaintiff herein restates and realleges the above allegations.

31. The Plaintiff has the right to enforce the terms of the CBA and require that Defendants each provide a surety bond to guarantee payment of fringe benefit contributions to the Plaintiff and the Trust Funds.

32. The regular and prompt payment of employer contributions is essential to the maintenance of a multiemployer employee benefit trust fund and an employer's failure to make timely contributions can adversely impact the financial health and stability of such and may directly impact the benefits available to beneficiaries. Therefore, the purpose of requiring a surety bond is to protect the beneficiaries of the Trust Funds when an employer fails to pay the required fringe benefit contributions.

33. The actions of Defendants in failing to comply or to ensure compliance with the CBA in providing surety bonds, as described herein, constitute violations of ERISA and the LMRA and is damaging to the well being of the Plaintiff and the Trust Funds.

34. The contract breaches and violations of ERISA and the LMRA harm the Plaintiff and the Trust Funds and their participants because they place at risk their ability to provide required benefits to their beneficiaries.

35. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or the Trust Funds or their beneficiaries from past harm caused by said violation, or to protect them from the harm or threat of harm caused by a similar future violation.

36. Plaintiff is likely to prevail on the merits of its claims.

37. Plaintiff is entitled to equitable relief affirmatively compelling Defendants to each provide a surety bond in the amount of $30,000 for the benefit of Plaintiff and the Trust Funds.

38. Defendants' actions, in failing to respond to multiple requests and demands for the surety bond, have required the Plaintiff to retain legal counsel and initiate this lawsuit to enforce the Plaintiff's rights under the CBA, which would not have been necessary if Defendants had provided a timely response and provided the requested surety bond.  Therefore, the Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for Judgment against Defendants, as follows:

1. For the Court's Order compelling Defendants to each provide a surety bond in the amount of $30,000.00 as described in the CBA;

2. For such additional equitable relief as the Court may deem appropriate under 29 U.S.C. § 1132(a)(3);

3. For damages for breach of contract;

-7-

4. For Plaintiff's reasonable attorney's fees and costs of suit incurred herein;

5. For such additional relief as may be provided for by 29 U.S.C. § 1132;

6. For such additional relief as this Court may deem just and proper.

Dated this 15th day of September, 2016.

CHRISTENSEN JAMES & MARTIN

By: /s/ Wesley J. Smith
Wesley J. Smith, Esq.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com
*Attorneys for Board of Trustees of the Painters and Floorcoverers Joint Committee*

-8-